JONES v. HIATT, Warden.
No. 2516.

United States District Court
N. D. Georgia, Atlanta Division.
May 31, 1950.
Judgment Affirmed Oct. 16, 1950.

Ottis Mayo Jones in propria persona.

H. H. Tisinger, Asst. U. S. Atty., Atlanta, Ga., for defendant.

ANDREWS, Chief Judge.

This case was heard on April 6, 1950 at which time evidence was received and argument had.

Petitioner contends that Count 1 of the indictment to which he pleaded guilty charges no offense, that he entered an "involuntary plea" of guilty, that he was denied counsel of his own choosing, and that his plea of guilty was induced by a promise of leniency.

The proof sustained none of these contentions.

It appears than on January 20, 1949, petitioner, upon being arraigned, entered pleas of not guilty to each of ten counts of Indictment No. 5228 in the Southern District of West Virginia. In each count he was charged with transporting and causing to be transported in interstate commerce a described falsely made security in violation of Title 18 U.S.C. § 2314.

When called upon to plead, petitioner told the Judge that he desired an attorney of his own choosing. Upon his failure to designate his own counsel, the Judge appointed Mr. LeRoy Katz to represent petitioner and directed that petitioner pay Mr. Katz a fee of $100 out of funds then in petitioner's possession. This being done, defendant Jones was arraigned, pleaded not guilty, and the case was assigned for trial some five or six days later. On trial date, petitioner, his counsel being present, pleaded guilty to the first count of the indictment and the United States Attorney dismissed the remaining nine counts. At this time no

further discussion was had concerning the matter of the accused having counsel of his own choosing.

Thereupon, the court imposed the sentence of five years now being served by petitioner.

The record shows that on August 29, 1949, District Judge Moore, after much correspondence with petitioner, heard and denied a motion to set aside the judgment and sentence; that on September 12, 1949, the Judge denied a motion for a rehearing on the motion to set aside the judgment and sentence; that on September 22, 1949, the Judge denied a motion to withdraw the "involuntary" plea of guilty and that petitioner entered an appeal to the Fourth Circuit Court of Appeals from the order of Judge Moore denying his motion to set aside the judgment and sentence.

The Circuit Court of Appeals, 4 Cir., 1950, 179 F.2d 303, affirmed the District Court in a per curiam opinion as follows: "We have carefully examined the record in the case and think that the motion was properly denied. Appellant was indicted under 18 U.S.C.A. § 415 for transporting falsely made securities in interstate commerce. He was represented by counsel appointed for him by the court and entered a plea of guilty to the first count of a ten count indictment, the other nine counts of which were withdrawn by the United States Attorney. He was sentenced to five years imprisonment, and, after he had commenced the service of his sentence, moved to set it aside on the ground that he had not been faithfully represented by counsel and that his plea of guilty had been entered as the result of false promises made to him as to the punishment he would receive. The judge below appointed other counsel to represent him on the hearing of the motion and had him brought from the federal prison in Atlanta to be present in court when it was heard. In addition to hearing from his attorney, the court called on appellant himself to make any statement that he cared to make in support of his motion. Neither he nor his attorney were able to produce any evidence whatever that counsel had not faithfully represented him or that his plea of guilty had been induced by any

false promises. The motion was properly denied. Affirmed."

The indictment count in question is as follows: "On or about the 9th day of March, 1948, Ottis Mayo Jones did fraudulently and unlawfully transport and caused to be transported in interstate commerce from Chesapeake, Lawrence County, Ohio, to and into Logan, Logan County, West Virginia, a falsely made security, to-wit: Check No. 988 drawn on the account of Hi-grade Products Corporation, of Logan, Logan County, West Virginia, at the National Bank of Logan, Logan County, West Virginia, payable to Blanche B. Suiter, in the amount of Two Thousand Two Hundred and Fifty Dollars ($2,250.00), knowing the same to have been falsely made."

It will be observed that the indictment is substantially in the language of the pertinent section of the Code. There was apparently no motion for a bill of particulars and where a plea of guilty is entered to such an indictment, the court will go only so far as to ascertain that the indictment charges an offense. Here, there can be no serious contention raised as to sufficiency of the indictment as it charges all of the necessary elements required by the statute, fairly apprises the defendant of the charge against him and states the charge in language which is specific and clear enough to protect him from the possibility of being subjected to double jeopardy from a later indictment for the same offense.

There is not a shred of evidence to indicate that petitioner entered an involuntary plea of guilty. He was furnished a copy of the indictment, had competent counsel and was allowed several days in which to prepare for trial. At trial time and in open court he entered a written plea of guilty. He seems to have been an experienced person, the record showing that he had been in court before on other charges.

His contention that his plea of guilty was induced by a promise of leniency is refuted by his own Exhibit No. 7, a letter over the signature of Milton J. Ferguson, Assistant United States Attorney, the relevant portion of which reads as follows: "The only conversation we ever had with Mr. Jones was in the court room at Bluefield on the day he was sentenced and was in the presence of his attorney, Mr. Charles Watson, Special Agent of the Federal Bureau of Investigation, and Charles Minnis Adkins, Deputy United States Marshal. As I recall there were many outstanding charges pending against Mr. Jones in this State and other districts, as he was a professional check passer and he was out on parole from the Michigan State Penitentiary on similar charges, and we distinctly told Mr. Jones before he entered a plea that we would dismiss other counts of the indictment pending against him, if he desired to enter a plea of guilty to the first count, but could make no promises as to charges pending against him in other districts, but that we would write to the authorities and state that Judge Moore had taken into consideration the other alleged offenses in passing sentence, which we fully performed, and all other charges have been dropped. We further distinctly told Mr. Jones that as to the parole violation we could do nothing about that as that would depend on what the Michigan authorities wanted to do in the matter, and he entered his plea with this understanding."

Furthermore, the record in the case shows that at the hearing on petitioner's motion to set aside judgment, the petitioner and his counsel stated that they had no evidence and were not charging that any improper promises, threats, or inducements had been made by the District Attorney's Office or any representative thereof to induce petitioner to enter a plea of guilty to Count 1 of the indictment.

Finally, he says that he was denied counsel of his own choosing. However, as has been observed above, he was given the option of employing his own counsel which he declined to exercise. It seems that out of an abundance of caution, the District Judge furnished him with counsel because when first called upon he stated that he desired counsel. True, a few days later he said that he preferred to represent himself but thereafter when he was brought into

court for trial, he appeared to be satisfied with his counsel and made no further statement to the Court relative to employing other counsel.

So far as I can see, there were no defects or irregularities of any kind in any of the proceedings heretofore had. At least no proof has been adduced of any irregularity.

The writ of habeas corpus is discharged and petitioner remanded to the custody of respondent.